UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEVON MCCALLIE, Plaintiff,

v. Civil Action No. 3:19-cv-201-DJH

ROGER F. COLLINS, III et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Devon McCallie alleges that Louisville Metro Police Department officers effectuated a traffic stop without probable cause and "wrongfully and unlawfully arrested" her after ignoring information which suggested that McCallie was not the person described in an Indiana warrant. (Docket No. 1-2, PageID # 9-10) In her original complaint, McCallie asserted claims of assault, battery, excessive force, negligence, and intentional infliction of emotional distress against the individual LMPD officers and Louisville/Jefferson County Metro Government. (D.N. 1-2, PageID # 10-16) Defendant Louisville Metro now moves to dismiss all claims against it, arguing that McCallie has failed to state a claim for relief. (D.N. 4, PageID # 24) McCallie timely responded to Louisville Metro's motion to dismiss (D.N. 5), and also filed a motion for leave to amend her complaint (D.N. 6, PageID # 70). But, for the reasons explained below, the Court concludes that it lacks subject-matter jurisdiction. This action will be remanded to Jefferson Circuit Court.

### I.

The following facts set out in McCallie's original complaint are taken as true for purposes of the present motions. *See Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citation omitted). On or about March 9, 2019, McCallie was driving on East Indian Trail in Louisville,

Kentucky. (D.N. 1-2, PageID # 9) Officers Roger Collins, Leslie Ostrander, and Jacob O'Shea initiated a warrantless traffic stop and informed McCallie that her license place was not illuminated. (*Id.*) According to McCallie, however, the dashcam footage shows that her license plate was properly illuminated. (*Id.*) Officer Defendants then arrested McCallie, believing that she was wanted on an outstanding warrant from Indiana. (*Id.*) McCallie attempted to explain to the officers that she did not have any outstanding warrants. (*Id.*) She claims that the photograph, name, date of birth, social security number, and middle name of the wanted individual did not match McCallie's information or appearance. (*Id.*, PageID # 10) McCallie then spent eight days in the custody of the Louisville Metro Department of Corrections waiting to be transported to Indiana on the warrant. (*Id.*) McCallie was released from custody by "Indiana" after it concluded that McCallie was not the person described in the warrant. (*Id.*)

This action was originally filed in Jefferson Circuit Court on March 15, 2019. (D.N. 1-2, PageID # 5) Defendant Louisville/Jefferson County Metro Government removed the case to this Court on March 19, 2019. (D.N. 1) McCallie asserts claims of assault, battery, excessive force, negligence, and intentional infliction of emotional distress against the individual officers and Louisville Metro. (D.N. 1-2, PageID # 10-16) McCallie argues that the Officer Defendants "were acting under color of state law and under the authority, directions, and supervision of Louisville Metro and the Louisville Metro Police Department" when they stopped her vehicle without probable cause and subsequently arrested her. (*Id.*, PageID # 8) Louisville Metro now moves to dismiss all claims against it, arguing that McCallie has failed to state a claim for relief. (D.N. 4-1, PageID # 26) McCallie responded to Louisville Metro's motion to dismiss (D.N. 5) and also filed a motion to amend her complaint and "amend/correct the notice of removal" (D.N. 6). McCallie seeks leave to amend her complaint to include a malicious-prosecution claim and a claim

under 42 U.S.C. § 1983. (D.N. 6, PageID # 70) The Court will not reach either motion, however, as the case must be remanded for lack of subject-matter jurisdiction.

## II.

**A.  Remand**

In general, a case may be removed to federal court if it falls within the Court's original jurisdiction. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The district court is charged with the duty of continually reexamining its jurisdiction and must *sua sponte* remand cases in which subject matter jurisdiction is lacking." *Gupta v. Avanta Orthopaedics, Inc.*, No. 3:03-CV-617-S, 2005 U.S. Dist. LEXIS 14728, at *5 (W.D. Ky. July 20, 2005) (citing *Franchise Tax Bd. v. Constr. Laborors Vacation Tr.*, 463 U.S. 1 (1983); *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1354 (6th Cir. 1996)). In its Notice of Removal, Louisville Metro asserted that the Court has federal-question jurisdiction because "the allegations set forth in [Count III of] the [c]omplaint allege a violation of [McCallie's] [federal] [c]onstitutional [r]ights," and that the Court has supplemental jurisdiction "over the additional state law claims" present in the complaint. (D.N. 1, PageID # 1)

The Court has federal-question jurisdiction where "(1) the plaintiff's cause of action is created by federal law[;] (2) 'some substantial, disputed question of federal law is a necessary element . . . of the well-pleaded state claim[';] or (3) the 'claim is "really" one of federal law.'" *City of Warren*, 495 F.3d at 286 (internal citations omitted) (quoting *Franchise Tax Bd.*, 463 U.S. at 8-9, 13). "Generally, a state law claim cannot be 'recharacterize[d]' as a federal claim for the purpose of removal." *Loftis v. UPS*, 342 F.3d 509, 515 (6th Cir. 2003). The fact that a case will

likely involve a defense raising issues of federal law cannot serve as the basis for removal, "even if the defense is anticipated in the plaintiff's complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Franchise Tax Bd.*, 46 U.S. at 14); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007) ("Although such allegations show that very likely, in the course of the ligation, a question under the Constitution would arise, they do not show that . . . the plaintiff's original cause of action[] arises under the Constitution." (citation omitted)). The Sixth Circuit has instructed that "[a] reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1063 (6th Cir. 2008) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

Here, McCallie stated in her complaint that she intends to "assert[] state common law causes of action only" and that "[r]eferences to the Defendants' violations of the United States Constitution are made solely for the purposes of pleading that the Officer Defendants did not act in good faith and therefore are not entitled to qualified immunity under state law." (D.N. 1-2, PageID # 8-9) "To defeat qualified immunity" under Kentucky law, "the plaintiff must establish that the defendant's 'act was not performed in good faith.'" *Scheffler v. Lee*, 752 F. App'x 239, 244 (6th Cir. 2018) (quoting *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)). And

> [t]o show that [an] officer acted in bad faith when making an on-the-spot judgment call, the complainant must demonstrate that the officer "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate" the complainant's rights or that the officer "took the action with the malicious intention to cause a deprivation of constitutional rights or other injury."

*Id.* (quoting *Haugh v. City of Louisville*, 242 S.W.3d 683, 686 (Ky. Ct. App. 2007)). "Thus, the qualified official immunity analysis under Kentucky law 'tracks the inquiry for objective reasonableness and qualified immunity' under federal law." *Id.* (quoting *Woodcock v. City of Bowling Green*, 679 F. App'x 419, 425 (6th Cir. 2017)). Accordingly, when read in context,

McCallie's allegations that the police officer Defendants knowingly violated her constitutional rights do not state a federal cause of action. *See Warthman*, 549 F.3d at 1063. Rather, McCallie was "free to choose whether to rely on state or federal law." *City of Warren*, 495 F.3d at 287. As evidenced by the disclaimer included in paragraph 13 of the complaint, McCallie chose state law. (*See* D.N. 1-4, PageID # 9)

McCallie's causes of action in her original complaint—assault, battery, excessive force, negligence, intentional infliction of emotional distress, and false arrest/imprisonment—are not "created by federal law," and they do not contain "some substantial, disputed question of federal law." *City of Warren*, 495 F.3d at 286. A plaintiff who alleges police misconduct may bring a "traditional tort action[]" under state law. *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 538 (Ky. 2011). Here, McCallie has done exactly that, clearly labeling her state-law claims and explaining the complaint's constitutional references in a manner consistent with Kentucky law. (*See* D.N. 1-2) Therefore, the complaint does not present a federal question and the Court lacks subject-matter jurisdiction. Accordingly, the case must be remanded to Jefferson Circuit Court. *See* § 1447(c).

**B. Motion to Amend**

McCallie moved amend her complaint following Louisville Metro's motion to dismiss. (D.N. 6, PageID # 70) McCallie's proposed amended complaint includes a claim that the defendants deprived McCallie of her rights under the federal constitution in violation of 42 U.S.C. § 1983. (D.N. 6, PageID # 70; D.N. 6-1, PageID # 84)

While it is a general rule that a "court should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[w]ithout jurisdiction[,] the court cannot proceed at all in any cause . . . [and] the only function remaining to the court is that of announcing the fact

and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506 (1869)). "The Court cannot 'assume subject matter jurisdiction' will exist after it considers and possibly grants the motion to amend the complaint, as the Court must presently possess subject matter jurisdiction over the dispute to have the authority to even consider the merits of the motion to amend." *Commercial Warehouse*, 2018 U.S. Dist. LEXIS 132560, at *5-*6 (citing *Broad v. DKP Corp.*, No. 97 Civ. 2029 (LAP), 1998 U.S. Dist. LEXIS 12942, at *4 (S.D.N.Y. Aug. 19, 1998)). "While some district courts have considered motions to amend the complaint that would give the court subject matter jurisdiction where none presently existed, this practice should be limited to 'correct defective allegations of jurisdiction' when 'jurisdiction actually existed at the time the complaint was filed.'" *Id.* at *6 (quoting *Hartford Fire Ins. Co. v. Hendrick Auto. Grp.*, No. 3:16-cv-133-FDW-DCK, at *3 (W.D.N.C. June 13, 2016) (citations omitted)); *see also Strickland v. Wells Fargo & Co.*, No. 1:16-cv-109, 2016 U.S. Dist. LEXIS 156651, at *1-*2 (W.D. Mich. July 26, 2016) ("The question as to whether jurisdiction exists must be answered by considering the complaint as written when it was removed to federal court" (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000))). As explained above, at the time of removal, the Court lacked subject-matter jurisdiction when the complaint was first filed. The Court cannot thus consider the motion to amend. *See Commercial Warehouse*, 2018 U.S. Dist. LEXIS 132560, at *7.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that this matter is **REMANDED** to Jefferson Circuit Court and **STRICKEN** from this Court's docket.  *See* 28 U.S.C. § 1447(c).  All pending motions are **DENIED** as moot.

January 9, 2020

**David J. Hale, Judge
United States District Court**